Sallie Sherman Hanley
vs.   No.
Anna R. Frasch, Executrix

RESCRIPT

February 19, 1926

WALSH, J. This is a motion for a new trial on the usual grounds after verdict for plaintiff in the sum of $5616. The action is in assumpsit and contains two counts, one on express contract to pay for services as nurse, housekepper, etc.; the other on the common counts.

The evidence produced by plaintiff tended to prove that Dodge, the deceased, a cousin of plaintiff's mother, a man then about 75 years old, was badly burned in December, 1913. In December 1914, he asked plaintiff to come and live with him and take care of him. Plaintiff came in June 1915 to stay for six months, for which she was to receive $4 per week and carfare as wages. At the expiration of the six months, plaintiff wished to leave and return to her practice of dentistry in New York, but Dodge begged and pleaded with her to stay and promised, in the event she would consent to remain, to leave her his real estate and the major part of his personal property at his decease. Plaintiff consented to this arrangement and took care of Dodge until his death, July 11, 1924. Dodge had diabetes and a weak heart and his attending physician testified that the plaintiff gave him special care as to diet, care of his person, etc., which services an ordinary housekeeper could not perform. Dodge did not leave his real estate and the major part of his personal property to plaintiff at his decease but devised and bequeathed it to Anna R. Frasch, the executrix.

The defence in substance was that there was no such agreement made by deceased in his lifetime; that the care and attention claimed to have been bestowed by plaintiff were not given; that the plaintiff was not agreeable with deceased; that deceased did not need nor did he receive the nursing that plaintiff claimed to have given him; that deceased employed plaintiff as housekeeper and paid her in full at the agreed rate of $4 per week until his death.

On these disputed facts, the jury found for plaintiff and there is sufficient evidence in the opinion to justify this finding.

The jury's verdict of $5616 for the services claimed to have been rendered by plaintiff to deceased fixed the reasonable weekly wage for such services at about $16. They have deducted therefrom the $4 weekly payment made by deceased up to the date of his death.

Here was a crippled old man who needed a special diet, administration of medicine, and nursing for nine years when he was between the ages of 75 and 84 years. The jury took into account the nature of his surroundings and the other circumstances in fixing the reasonable value of the services of plaintiff.. Their decision upon the evidence introduced strikes us as fair and reasonable under all the circumstances.

Motion for new trial denied.

For Plaintiff: Burdick & MacLeod.

For Defendant: Sheffield & Harvey